# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――――

No. 14-50706
c/w No. 14-50711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2015

Lyle W. Cayce
Clerk

―――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ROSALES-BUGARIN,

Defendant-Appellant

―――――――――――――

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1078-1
USDC No. 2:13-CR-481-1

―――――――――――――

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ruben Rosales-Bugarin appeals the within-guidelines, 60-month prison sentence imposed following his guilty plea conviction for illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

―――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50706
c/w No. 14-50711

We review the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Rosales-Bugarin has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The district court was "in a superior position to find facts and judge their import under § 3553(a)." *Campos-Maldonado*, 531 F.3d at 339. The court acknowledged Rosales-Bugarin's mitigating arguments but concluded that a within-guidelines sentence was appropriate. We have rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, as Rosales-Bugarin concedes, also foreclosed is his argument that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 lacks an empirical basis. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.